

FILED
2012 DEC 21  P 2: 20
U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN LABOY,
Inmate #296172

    Plaintiff

    -against-

REVEREND ANTHONY J. BRUNO, and
LEO C. ARNONE,
sued in their individual and official capacities

    Defendants

## COMPLAINT

1. This is a civil rights action filed by a Connecticut prisoner to challenge a policy preventing him from obtaining articles necessary to properly practice his religion.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional and statutory rights under 28 U.S.C. § 1343 (a) (3).

3. The Court has supplemental jurisdiction over the plaintiff's state law claims under 28 U.S.C. § 1367.

1

4. The events giving rise to this cause of action occurred in the District of Connecticut. Therefore, venue is proper under 28 U.S.C. § 1391 (b) (2).

## PARTIES

5. The plaintiff, John Laboy, is a prisoner sentenced to the custody of the Connecticut Department of Correction (hereinafter "DOC"). He currently is housed in Robinson Correctional Institution in Enfield, Connecticut. His inmate number is 296172.

6. Reverend Anthony J. Bruno, one of the defendants, is a Roman Catholic priest who serves as the DOC's Director of Religious Services. He is sued in his individual and official capacities.

7. Defendant Leo C. Arnone is the Commissioner of the DOC. As such, he is responsible for formulating and carrying out the DOC's policies. He is sued in his individual and official capacities.

## PREVIOUS LAWSUITS

8. The plaintiff has not brought other lawsuits in state or federal court dealing with the same facts involved in this action.

## PREVIOUSLY DISMISSED ACTIONS OR APPEALS

9. The plaintiff has not brought any civil actions or appeals that were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

## FACTS

10. At all times mentioned herein, each defendant acted under color of state law.

11. The plaintiff is an adherent of Santeria, a religion of West African and Caribbean origin that absorbed significant elements of Roman Catholicism.

12. Saints known as Orishas are fundamental figures in Santeria.

13. Practitioners of Santeria have specific Orishas with whom they have spiritual relationships.

14. Adherents of Santeria wear beaded necklaces of particular colors or combinations of colors. The color combinations of the beads carry great significance in the Santeria religion, because different color beads correspond to particular Orishas.

15. Orisha necklaces are not sold by the DOC commissary.

16. Pursuant to DOC Administrative Directive 10.8, which was approved by defendant Arnone, prisoners who want to purchase religious items not available through the commissary must first obtain written permission.

17. The plaintiff submitting a request to be allowed to purchase Orisha necklaces of various color combinations.

18. The plaintiff received a response from defendant Bruno, who wrote that he would consider approving purchase of only one Orisha necklace containing only solid white beads. Beaded necklaces of other colors would not be permitted.

19. The plaintiff challenged defendant Bruno's decision through the Inmate Grievance Procedure. The responses to the plaintiff's grievances stated that defendant Bruno's decision was consistent with DOC policy and guidelines.

20. White beads are associated with the Orisha named Obatala. The plaintiff also worships other Orishas. He considers his chief Orisha to be Eleggua, who is associated with red and black beads.

21. By restricting him to a single necklace of white beads, the defendants are preventing the plaintiff from properly worshiping Orishas other than Obatala, including Eleggua.

## FIRST COUNT
(Violation of right to free exercise of religion, as guaranteed by the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983)

22. The plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 21.

23. The policy barring Orisha necklaces of any color other than solid white violates the plaintiff's right to free exercise of religion, as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

## SECOND COUNT
(Violation of Section 3
of Religious Land Use and Institutionalized Persons Act of 2000,
42 U.S.C. § 2000cc-1)

24. The plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 21.

25. The State of Connecticut accepts federal funding for its prisons.

26. The policy barring Orisha necklaces of any color other than solid white imposes a substantial burden on the religious exercise of the plaintiff, in violation of Section 3 of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1.

## THIRD COUNT
(Violation of the Connecticut Act Concerning Religious Freedom,
Conn. Gen. Stat. § 52-571b)

27. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21.

28. The policy barring Orisha necklaces of any color other than solid white burdens the plaintiff's exercise of religion under section 3 of article first of the Constitution of the State of Connecticut, in violation of the Connecticut Act Concerning Religious Freedom, Conn. Gen. Stat. § 52-571b.

## DEMAND FOR RELIEF

WHEREFORE, the plaintiff claims:

1. An order that the defendants allow the plaintiff to purchase and wear under his clothing Orisha necklaces of colors and color combinations in addition to solid white;

2. Nominal damages;

3. Punitive damages;

4. Costs, expenses and attorney's fees;

5. Any other relief as law and equity may provide.

## JURY DEMAND

The plaintiff wishes to have a jury trial.

THE PLAINTIFF

*/s/ John Laboy*

John Laboy
Inmate #296172
Robinson Correctional Institution
285 Shaker Road, P.O. Box 1400
Enfield, CT 06082

## DECLARATION UNDER PENALTY OF PERJURY

I hereby declare under penalty of perjury that I am the plaintiff in the above action, that I have read the above complaint and that the information in the complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint I could be prosecuted for perjury and punished with as much as five (5) years in prison and/or a fine of $250,000.

Executed at Enfield, Connecticut, on this 18 day of December, 2012.

_____
John Laboy

Although not appearing herein, the undersigned
assisted in the preparation of this Complaint:

_____
Attorney Richard P. Cahill
Schulman & Associates
Inmates' Legal Assistance Program
78 Oak Street, P.O. Box 260237
Hartford, CT 06126-0237
Tel: (860) 246-1118
Fax: (860) 246-1119
E-mail: ilaprc@schulmanlaw.net