```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


JOHN LABOY,                           :
        Plaintiff,                    :
                                      :           PRISONER
     v.                               :   Case No. 3:12-cv-1797 (JBA)
                                      :
REVEREND ANTHONY J. BRUNO, et al.,    :
        Defendants.                   :
```

                       INITIAL REVIEW ORDER

   The plaintiff, John Laboy, currently incarcerated at the Carl Robinson Correctional Institution in Enfield, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000).  He names as defendants Reverend Anthony J. Bruno and Commissioner Leo C. Arnone.  Both defendants are named in their individual and official capacities.

       Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.  In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford

the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The plaintiff practices the Santeria religion. He alleges that the defendants have refused to permit him to purchase colored Santeria beads, thereby interfering with his ability to practice his religion.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The **Pro Se Prisoner Litigation Office shall** verify the current work address for each defendant with the Department of Correction Office of Legal Affairs, and mail waiver of service of process request packets to each defendant at his or her confirmed address by January 17, 2013. The Pro Se Prisoner Litigation Office shall report to the court on the status of that waiver

request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on that defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

    (2)   The **Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on all defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, by January 17, 2013 and to file returns of service by January 24, 2013.

    (3)   The **Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

    (4)   **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

    (5)   **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, by March 15, 2013.  If they choose to file an answer, they shall admit or deny

the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by July 2, 2013.  Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed by August 2, 2013.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this 3rd day of January 2013, at New Haven, Connecticut.

/s/
Janet Bond Arterton
United States District Judge